UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1468 PSG<br>CR09-1013-PSG | Date | February 10, 2015 |
|---|---|---|---|
| Title | U.S.A. v. Eduardo Alvarez-Marquez | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Petitioner's motion to vacate, set aside, or correct his sentence.

    Before the Court is Defendant-Petitioner Eduardo Alvarez-Marquez's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. # 1. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The Court notes that Petitioner's reply was due November 6, 2014.[1] However, Petitioner has yet to file a reply. Thus, after considering the arguments in only the moving and opposing papers, the Court DENIES the motion.

I.    Background

    In February 2008, Petitioner was first intercepted on a wiretap targeting the Drew Street clique of the Avenues gang. *Opp.* 2:21-23. On this wiretap, the gang's leader, Francisco Real, contacted Petitioner to arrange the smuggling of Real's mother. In October 2008, law enforcement began wiretapping phones used by or associated with Petitioner. *Id.* at 3:1-10.

    On October 1, 2009, Petitioner was charged with violations of: (Count 1) 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (B)(I): Conspiracy to Bring, Transport, Harbor, and Conceal Illegal Aliens for Private Financial Gain; (Count 2) 8 U.S.C. § 1327: Conspiracy to Aid and Assist Inadmissible Aliens to Enter the United States; and (Count 3) 8 U.S.C. §§ 1324 (a)(1)(A)(iii): Harboring and Concealing an Illegal Infant Child for Private Financial Gain. *Id.* at 1:3-11.

---

[1] The Government originally mailed a copy of its opposition to the wrong address. An order was sent on October 1, 2014 asking that the Government mail a copy of its opposition to the address listed on Petitioner's filed documents within 7 calendar days. Petitioner then had 30 days to file a reply. Dkt. #14.

UNITED STATES DISTRICT COURT     JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1468 PSG<br>CR09-1013-PSG | Date | February 10, 2015 |
|---|---|---|---|
| Title | U.S.A. v. Eduardo Alvarez-Marquez | | |

     On August 23, 2010, Petitioner pled guilty to Count One of the Indictment. *See U.S. v. Alvarado-Marquez,* CR 09-1013, Dkt. #238, *Transcript of Proceedings*. As part of his guilty plea, Petitioner first confirmed that he was satisfied with his legal representation. *Id.* at 48:18-20. He then admitted to his role in a conspiracy to smuggle illegal aliens across the border. *Id.* at 51-54. After a three-day trial, a jury returned guilty verdicts on Counts Two and Three of the Indictment. *Opp.* at 7:11-12.

     The United States Probation Office determined that Petitioner's total offense level was 42, resulting in a Guideline sentence of up to 300 months. *U.S. v. Alvarado-Marquez,* CR 09-1013, Dkt. #325, *Revised Presentence Report ("Revised PSR")* at 4. This determination was based in part on the Revised PSR's findings that the offense involved more than 100 aliens, that Petitioner was the leader of the conspiracy, that the offense involved risk of serious injury to others and that Petitioner should not receive a reduction in offense level for acceptance of responsibility because he still contested guilt on Counts Two and Three. *Id.* at 16-19. Petitioner, through his counsel, objected to these findings. *See U.S. v. Alvarado-Marquez,* CR 09-1013, Dkt. #330, *Sentencing Memorandum.*

     On March 21, 2011, the Court sentenced Petitioner to a term of 300 months in prison, followed by three years on supervised release. *U.S. v. Alvarado-Marquez,* CR 09-1013, Dkt. #347, *Transcript of Proceedings* at 27:3-12. The Court stated that it considered the § 3553(a) factors and the sentencing guidelines in determining its sentence. *Id.* at 25:4-19.

     Petitioner has moved to vacate his sentence, arguing that: (1) he was deprived of effective counsel because his attorney, Stephanie Ames ("Ames"), misadvised him to plead guilty to Count One; and (2) based on *Alleyne v. United States*, 133 S. Ct. 2151(2013), his sentence violated the Sixth Amendment because the jury, not the Court, was required to find that this conspiracy involved the smuggling of 100 or more illegal aliens. *Mot*. at 7, 12.

II.    <u>Legal Standard</u>

     Under 28 U.S.C. § 2255, a federal prisoner may file a motion to "vacate, set aside, or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a).

     To obtain relief through § 2255, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error 'resulted in a complete miscarriage of justice or in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1468 PSG<br>CR09-1013-PSG | Date | February 10, 2015 |
|---|---|---|---|
| Title | U.S.A. v. Eduardo Alvarez-Marquez | | |

proceeding inconsistent with the rudimentary demands of fair procedure.'" *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979)).

To succeed on an ineffective assistance of counsel claim, a petitioner must establish two components. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, counsel's representation of the petitioner must have fallen "outside the wide range of professionally competent assistance." *Id.* at 690. Due to the inherent difficulties of making this evaluation, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

Second, "the [petitioner] must show that the deficient performance prejudiced the defense." *Id.* at 687. A petitioner shows such prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

If the defendant fails to establish either *Strickland* element, the court "must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002). The Court may address the *Strickland* elements in any order. *See Strickland*, 466 U.S. at 697.

III.   Discussion

   A.   Improperly Advising Petitioner to Plead Guilty to Count One

Petitioner argues that his attorney, Ames, improperly advised him to plead guilty to Count One because: 1) she did not inform him that the admissions he made in connection with his guilty plea could be used at a later trial; 2) he pled guilty without the benefit of a plea agreement; and 3) the guilty plea had no tactical advantage at trial. *Mot.* at 7-11.

This Court finds no evidence that Petitioner's attorney misadvised him in connection to his guilty plea. Thus, Petitioner has not proven the first prong of the *Strickland* test. In the government's interrogatories regarding Petitioner's claims of ineffective counsel, Ames, under penalty of perjury, explains that she did not advise Petitioner to plead guilty to Count One, she only "advise[d] him as to the option of an open plea." *Opp. Ex. B*, 2:12. She told him that "anything he said or admitted to at the time of entering the plea to Count One would be used against him by the government at trial." *Id.* at 3:26-27. Ames also explained that entering a guilty plea to Count One meant that the jury would only have to determine "whether he knew that the conspiracy involved the smuggling of aliens who had previously been deported due to a

3

UNITED STATES DISTRICT COURT  JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1468 PSG<br>CR09-1013-PSG | Date | February 10, 2015 |
|---|---|---|---|
| Title | U.S.A. v. Eduardo Alvarez-Marquez | | |

felony conviction and his involvement in relation to that of a smuggled infant." *Id.* at 2:20-24. Thus, Ames did adequately advise Petitioner as to the ramifications of his guilty plea.

Second, though it is true that Petitioner did not have a plea agreement, this is not due to the ineffective assistance of his attorney. The Government extended a plea agreement that included admitting guilt to Counts Two and Three. Petitioner, through his counsel, made a counter-offer which only admitted guilt to Count One. *Opp.* at 15:2-18. After the Government rejected this proposal, Ames advised him that if he now wished to plead guilty to Count One they "would still go to trial on the other charges." *Opp. Ex. B*, 1:24-2:6. At this point, Petitioner did not tell his attorney that he would plead guilty to Count One. Instead, she was first informed of his decision nearly two weeks later, just before the pre-trial status conference. *Id.* at 3:6-9.

Third, though Petitioner argues that the guilty plea served no tactical purpose whatsoever, this is not the case. At trial, Ames asserted that he was not guilty of Counts Two and Three because, by pleading guilty to Count One, he had already freely admitted the extent of his role in the conspiracy. *See U.S. v. Alvarado-Marquez,* CR 09-1013, Dkt. #380, *Transcript of Proceedings,* at 37:21-24 ("Ames: Now, my client, Mr. Alvarez-Marquez, has admitted his culpability. He has pled guilty to conspiring to aid and assist illegal aliens into this country. And, for that crime, he will be punished. That's not the issue before you."). In addition, in his sentencing memorandum, Petitioner attempted to use his guilty plea to obtain a two level reduction for acceptance of responsibility. *Sentencing Memorandum,* 5:15-17. Whether or not these tactics actually succeeded is irrelevant.

Petitioner has also not shown that he suffered any prejudice. Therefore, he has not met the second prong of the *Strickland* test. At trial, the government introduced overwhelming evidence of Petitioner's guilt. *Opp.* at 17. This evidence included wiretaps in which Petitioner discussed his smuggling operation, wiretaps were he mentioned previously smuggling illegal alien felons, and law enforcement surveillance of the Petitioner actually smuggling a child into the United States. *Id.* at 17:4-12. Thus, Petitioner has failed to show that, but for Ames' errors, the result of the proceedings would have been different.

B.   Plain Error Based on *Alleyne v. United States*

Petitioner also argues that as per *Alleyne v. United States*, 133 S. Ct. 2151(2013), the Court's application of a sentence enhancement because his conspiracy involved smuggling over 100 illegal aliens violated the Sixth Amendment. *Mot.* at 12. He argues that this finding should have been submitted to the jury, not the Court. *Id.* This argument fundamentally misunderstands *Alleyne. Alleyne* held that any fact that increases the mandatory minimum sentence for crime is an element of the crime and must therefore be submitted to the jury. *See Alleyne,* 133 S. Ct. at

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-1468 PSG<br>CR09-1013-PSG | Date | February 10, 2015 |
|---|---|---|---|
| Title | U.S.A. v. Eduardo Alvarez-Marquez | | |

2155. Here, Petitioner objects to the application of a sentencing enhancement, not an increase of the mandatory minimum sentence. *See Mot.* at 12. Thus, *Alleyne* is not applicable in this case. As a result, the Court did not commit plain error.

    C.    Evidentiary Hearing

Petitioner's claims fail as a matter of law. As a result, no evidentiary hearing is necessary. *See* 28 U.S.C. § 2255(b) (providing that a hearing must be held "[*u*]*nless* the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ") (emphasis added).

IV.    Conclusion

For the reasons stated above, Petitioner's motion is DENIED.

**IT IS SO ORDERED.**